[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action seeking to recover sums due on a promissory note and to foreclose a mortgage given as security for the note. Plaintiff claims that the defendants failed to make installment payments of principle and interest when due and the plaintiff has therefore exercised its option contained in the note and mortgage thereby making the entire debt now due and CT Page 7294 payable. The defendants have alleged a special defense and a counterclaim asserting that the acceleration provisions contained in the note violate the provisions of Chapter 646a of the General Statutes, governing secondary mortgage loans, and therefore the violation not only constitutes a defense to the action but also provides a cause of action in favor of the defendant in accordance with our statutes. The plaintiff has moved to strike the special defense and counterclaim asserting that the statutory provisions upon which the defendants rely resulted from amendments to the General Statutes made by the legislature in 1990 and are therefore not applicable to the transaction in issue which took place in 1988.
The position of the defendants is based upon General Statutes 36-2241 which, in its current version, provides, in pertinent part, as follows:
 "(a) No person engaged in the secondary mortgage loan business in this state as a lender or broker, including any licensee under this chapter, and any person who is exempt from licensing under Section 36-244c, may . . . (2) include in the loan agreement upon which loan fees, points, commissions transactions fees or similar prepaid finance charges have been assessed any provision which permits the lender to demand payment of the entire loan balance prior to the scheduled maturity, except that such loan agreement may contain a provision which permits the lender to demand payment of the entire loan balance if any scheduled installment is in default for more than sixty days or if any condition of default set forth in the mortgage note exists."
The defendants claim that Paragraph 13 of the note in issue provides that upon default "all amounts you owe and have agreed to pay us under this Agreement will become immediately due and payable." The defendants therefore claim that the provisions of the note violate the provisions of the above quoted statute and therefore, constitute legal basis for the special defense and the counterclaim.
The plaintiff claims that the current version of our statute was enacted in 1990 by Section 5 of the Public Act 90-184. Accordingly, the plaintiff claim; that it is governed by the law as it existed in 1988 when the transaction took place.
In 1988, our statutes made provision for the sixty day period as it does today. However, General Statutes 36-2441 (1987 Revision) provided, in pertinent part, as follows:
 "In any transactions subject to Chapter 657 (i.e. truth in lending) no licensee under this Chapter shall . . . (2) . . .
CT Page 7295
Thus, the plaintiff claims that the limitations on demand before maturity applied only to a "licensee." In 1988, and at the present time, banks are exempt from licensing requirements under Chapter 646a regarding second mortgage loans. General Statutes (1987 Revision) 36-224c (8); General Statutes 36-224c(4). The plaintiff therefore claims that only a "licensee" was required to comply with the statute relied upon by the defendant; that banks were exempt from licensing requirements; and therefore, there was no obligation upon the plaintiff to comply with the statutory provisions regarding the sixty day limitation upon a demand for payment prior to maturity.
The limitation on demand before maturity was first enacted in 1983 by virtue of Public Act 83-460 (effective from passage) entitled "An act limiting fees charged by second mortgage lenders." Section 2 of the Act provided that "no loan agreement" . . . shall contain any provisions which permits the "lender" to demand payment of the entire loan balance prior to the schedule of maturity except upon the sixty day limitation period. The provisions ofPublic Act 83-460, in Section 1, also imposed limitations upon a "licensee" from charging points greater than 10% of the principle amount of the loan. In 1984, the provisions of the statute were amended byPublic Act 84-69 so that Section 2 of the Act was deleted and the statutory language was placed in one paragraph which applied to a "licensee".
The legislative history with respect to Public Act 84-69
indicates that the legislature was not concerned with banking institutions. The primary concern, as revealed in the legislative history, dealt with second mortgage lenders other than banks. For example, in the House of Representatives proceedings for April 15, 1984, Representative Patton, after noting that the legislature did not have to worry about regular banking institutions stated "we are dealing with people that need regulation that are different from banks." With respect to the law as it existed in 1988, it is difficult to conclude that the legislature believed it was including banks in the "no licensee . . ." language of General Statutes (1987 Revision) 36-3421 (2). It is also difficult to conclude that the enactment of the Public Act 90-184 was simply a clarification of prior law so as to make it clear that banks were included within the limitations imposed upon demand for payment prior to maturity. While the legislative history indicates that it was intended to "clarify the scope of the second mortgage loan law", the clarification had its basis in proceedings instituted by the Attorney General's Office against the Dartmouth Plan Corporation. The legislative history indicates the Attorney General had discovered that numerous home improvement contracts resulted in consumers having no idea that they were securing a purchase through a second mortgage on their home and that many CT Page 7296 found out only when they had tried to obtain a home equity loan.
Given the legislative history of Public Act 84-69 andPublic Act 90-184, the court cannot conclude that the enactment ofPublic Act 90-184 was simply a clarification of an existing statute within the meaning of such cases as State v. Blasko, 202 Conn. 541, 558
(1987). Under our law, as it existed in 1988, the prohibition against a second mortgage containing provisions for demand for payment prior to maturity except where a default existed for a sixty day period, applied only to a "licensee." The legislative history reveals that the legislature, in enacting the amendment in 1984, did not consider banks to be encompassed within its provisions. Accordingly, the plaintiff was not required by virtue of the statutory provisions, to comply with the provisions of General Statutes (1987 Revision 36-2241 which applied only to a "licensee."
Insofar as the provisions of Public Act 90-184, now General Statutes (1987 Revision) 36-2241, are claimed to produce a different result, such a change would involve a change in substantive rights. Gormley v. State Employees Retirement Commission, 216 Conn. 523, 529 (1990). "Section 55-3 (of the General Statutes) provides `no provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation shall be construed to have a retrospective effect. The `obligations; referred to in the statute are those of substantive law' . . . Accordingly, we have uniformly interpreted 55-3 as a rule of presumed legislative intent that statutes effecting substantive rights shall apply perspectively only.' . . . This presumption is rebutted only when the legislature clearly and unequivocally expresses its intent that the legislation shall apply retrorespectively . . . Moreover, although we have presumed that procedural or remedial statutes are intended to apply retroactively absent the clear expression of legislative intent to the contrary; . . . a statute which, inform, provides but a change in remedy but actually brings abut changes in substantive rights is not subject to retroactive application'". Miano v. Thorne,218 Conn. 170, 175 (1991). The provisions of Public Act 90-184 do not contain a clear and unequivocal expression of legislative intent that the act is to be applied retroactively.
Accordingly, the provisions of General Statutes 36-2241 do not provide a defense to the cause of action asserted by the plaintiff, nor do they provide a basis for the cause of action asserted in the counterclaim. The Motion to Strike the special defense and counterclaim is therefore granted.
RUSH, J.